# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LOLETHA CONLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-14-55-R** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner, Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiff filed this action seeking review of the decision of the Commissioner denying her application for supplemental security income. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On November 13, 2014, Judge Mitchell issued a Report and Recommendation wherein she recommended that the decision of the Commissioner be affirmed. Doc. No. 15, at 1. The matter is currently before the Court on Plaintiff's objection to the Report and Recommendation, Doc. No. 17, giving rise to the Court's obligation to conduct a *de novo* review.

Plaintiff challenges the Report and Recommendation on three grounds. First, she argues that under Social Security Ruling 96-8p, in conveying the claimant's residual functional capacity to the vocational expert ("VE"), the Administrative Law Judge ("ALJ") may not use "[n]onspecific qualifying terms" such as "routine" and "superficial," because these do not "convey the extent of a claimant's maximum

capabilities." *Id.* at 1-2. Second, Plaintiff contends that the ALJ's failure to analyze her Global Assessment of Functioning scores is not harmless. *Id.* at 3. Finally, as an extension of her second argument, Plaintiff argues that the ALJ ignored lay evidence that was included in her Brief in Chief. *Id.* at 5-7. Because the Court finds Plaintiff is entitled to reversal and remand on the first of these arguments, the Court need address only that argument.

## Evaluation Process

The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner follows a five-step evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 416.920 (a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing process). In the first four steps of this process, the claimant bears the burden of establishing a prima facie case of her disability. *Williams*, 844 F.2d at 751 & n.2. If she succeeds, the fifth step involves "determining whether the claimant has the residual functional capacity (RFC) 'to perform other work in the national economy in view of [her] age, education, and work experience.'" *Id.* at 751 (quoting *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987)). At this step, the burden shifts to the Commissioner to establish that despite the claimant's medical impairments, she "retains the capacity 'to perform an alternative work activity and that this specific type of job exists in the national economy.'" *Id.* (citations omitted).

## Standard of Review

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010) (citation omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted).

## Analysis

Under Social Security Ruling 96-8p, "nonexertional capacity [which includes mental limitations] must be expressed in terms of work-related functions" or "[w]ork-related mental activities." *Jaramillo v. Colvin*, 576 F. App'x 870, 874 (10th Cir. 2014) (unpublished) (quoting SSR 96-8p, 1996 WL 374184, at *6 (July 2, 1996)). The ability to "understand, carry out, and remember simple instructions" is a work-related mental function. *Id.* at 875. When a claimant's capacity to perform a particular work-related mental function is impaired, this fact "must be related with sufficient precision in a dispositive hypothetical to a VE and in an RFC finding." *Id.* at 876.

The Tenth Circuit recently ruled in an unpublished decision that an ALJ's hypothetical to the VE did not clearly convey the moderate impairments that a physician concluded the claimant had, when the ALJ had placed "great weight" on this physician's opinion. *Id.* at 873, 876-77. The physician found the claimant to be "moderately limited in his ability to (1) carry out instructions, (2) attend and concentrate, and (3) work without supervision." *Id.* at 872. In that case, the ALJ conveyed to the VE that the claimant could perform sedentary work, but was "'limited to simple, routine, repetitive

and unskilled tasks,' and had to avoid all exposure to direct sunlight." *Id.* The Tenth

Circuit held that "the ALJ's reliance on the jobs the VE identified in response to the

hypothetical was not supported by substantial evidence" because "[t]he limitation to

simple, routine, repetitive, and unskilled tasks the ALJ included in his hypothetical" were

not "logically connected to any of the moderate limitations that [the physician] found."

*Id.* at 876-77.

Here, the ALJ gave "[g]reat weight … to Dr. Shadid's opinion as it is used to

establish the nature and severity of the claimant's mental impairments and the impact on

her mental residual functional capacity." Social Security Administration Record, Doc.

No. 9, at 46. In his mental RFC assessment, Dr. Shahid found that Plaintiff was

"markedly limited" in her "ability to understand and remember detailed instructions," her

"ability to carry out detailed instructions," and in her "ability to interact appropriately

with the general public." *Id.* at 435-36. A marked impairment "is not the same as no

impairment at all," but rather "supports the conclusion that the individual's capacity to

perform the activity is impaired." *See Jaramillo*, 576 F. App'x at 876 (quoting *Haga v.*

*Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007); Social Security Administration's Program

Operations Manual System DI 24510.063 B.2).

In the hypothetical given to the VE, the ALJ stated the following:

> Assume a hypothetical individual of the claimant's age, education, and
> vocational history, which is none. This individual has no exertional
> limitations, but they have the following non-exertional limitations: They
> can perform simple tasks with routine supervision, they can relate to
> supervisors and co-workers on a superficial work basis, must not work with
> the general public, but they could adapt to a work situation.

Social Security Administration Record, Doc. No. 9, at 81. The ALJ sufficiently conveyed to the VE Plaintiff's marked limitation with respect to interacting appropriately with the general public by stating that she "must not work with the general public." But there is no clear indication in the above description that Plaintiff has marked difficulty in understanding, remembering, and carrying out detailed instructions. Stating that she "can perform simple tasks with routine supervision" is insufficient, because these terms are not "logically connected" to Plaintiff's impairment related to detailed instructions. See *Jaramillo*, 576 F. App'x at 877; *Groberg v. Astrue*, 505 F. App'x 763, 770 (10th Cir. 2012) (unpublished) ("A limitation to 'simple work' … is generally insufficient to address a claimant's mental impairments."). This lack of specificity violates Social Security Ruling 96-8p, which requires a claimant's impairment to be conveyed in a hypothetical to a VE with sufficient precision. *Id.* at 876.

This error was not harmless because each of the three jobs that the VE recommended in response to this hypothetical, and which the ALJ accepted in determining that Plaintiff was not disabled, all require the worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." Social Security Administration Record, Doc. No. 9, at 49, 82 (recommending jobs of night cleaner, price marker, and small parts assembler); Dictionary of Occupational Titles, 381.687-018, 209.587-034, 732.684-062. Therefore, the ALJ's reliance on the jobs provided by the VE in response to the hypothetical is not supported by substantial evidence. See *Jaramillo*, 576 F. App'x at 876 (citing *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995) (explaining that a hypothetical inquiry to a VE

"must include all (and only) those impairments borne out by the evidentiary record");

*Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) ("Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision." (brackets and internal quotation marks omitted)).

For the reasons set forth herein, the Court declines to adopt the Report and Recommendation and this matter is reversed and remanded to the Commissioner for additional proceedings consistent herewith.

IT IS SO ORDERED this 29th day of December, 2014.


DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE