IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOLETHA CONLEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-14-55-R |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner, Social | ) |
| Security Administration, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. No. 21. Specifically, Plaintiff seeks an award of attorney's fees in the amount of $6,211.80. *Id.* at 2. Defendant objects to any award of attorney's fees because, she argues, "the Government's position in this case was substantially justified." Doc. No. 23, at 1. Having considered the parties' submissions, the Court finds as follows.

An award of attorney's fees is not appropriate if "the court finds that the position of the United States was substantially justified." § 2412(d)(1)(A). "Substantially justified" means "justified in substance or in the main," or "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's position could be substantially justified "even though it is not correct." *Id.* at 566 n.2. "The burden rests with the government to prove that it was substantially justified in arguing that the denial of benefits was supported by substantial evidence." *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987).

The undersigned reversed the Commissioner's decision denying Plaintiff's application for supplemental security income because Social Security Ruling 96-8p was violated when the Administrative Law Judge ("ALJ") did not express Plaintiff's mental limitation concerning understanding, remembering, and carrying out detailed instructions in terms of work-related functions in his RFC finding. Order, Doc. No. 19, at 5. This error resulted in the Vocational Expert recommending jobs, which the ALJ accepted as positions Plaintiff could perform, that all require the worker to "carry out detailed but uninvolved written or oral instructions." *Id.*

Defendant contends that the government's position was substantially justified because the opinions of several physicians are consistent with the ALJ's RFC finding. *See* Doc. No. 53, at 5-7. Although she mentions Social Security Ruling 96-8p, *id.* at 4, she does not discuss the disconnect between Dr. Shadid's finding of a marked limitation in understanding, remembering, and carrying out detailed instructions, an opinion on which the ALJ placed "great weight," and the ALJ's finding that Plaintiff could perform jobs that require the worker to "carry out detailed but uninvolved written or oral instructions." Order, Doc. No. 19, at 3, 5. By not addressing the specific reason for this Court's reversal, Defendant has not satisfied her burden of demonstrating that the government was substantially justified in its position.

Further, the Court finds that Plaintiff is the prevailing party herein; that Plaintiff's net worth does not and did not at the time this action was filed exceed $2,000,000; that there are no special circumstances that would make an EAJA award unjust; and that the amount of time expended, the hourly fees and the total fees sought are reasonable.

2

Therefore, Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [Doc. No. 21] is GRANTED. Plaintiff is hereby awarded $6,211.80 in fees, to be payable directly to Loletha Conley. In the event the EAJA fees awarded to Plaintiff are paid to Plaintiff's counsel and Plaintiff's counsel later recovers fees pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel shall refund the smaller award of attorney's fees to Plaintiff.

IT IS SO ORDERED this 16th day of March, 2015.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE